Linda Fern FOUST, Individually [and as a shareholder's derivative action on behalf of herself and all other stockholders of Safeway Stores, Inc.], Plaintiff[s]-Appellant[s],

v.

SAFEWAY STORES, INC., a corporation, Quentin Reynolds, Ernest C. Arbuckle, J. G. Bogswell, II, Henry B. Clay, Charles de Bretteville, Malcolm P. Grover, Lorenzo N. Hoopes, Roger D. Lapham, Jr., Merill L. Magowan, Robert A. Magowan, W. S. Mitchell, G. H. Parker, W. Maurice Young, directors of Safeway Stores, Inc., Defendants-Appellees.

No. 75–2924.

United States Court of Appeals, Ninth Circuit.

June 30, 1977.

---

Robert S. Gelman, argued, San Francisco, Cal., for plaintiff[s]-appellant[s].

Walter R. Allan, argued, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendants-appellees.

Before HUFSTEDLER, GOODWIN and ANDERSON, Circuit Judges.

## PER CURIAM:

The novel question presented by this appeal is whether a stockholder can bring a stockholders' derivative action under Title VII on behalf of the corporation for alleged discriminatory employment practices followed by the corporation's board of directors. We hold that a stockholders' derivative action will not lie because the corporate employer is not a "person aggrieved" under Title VII, 42 U.S.C. § 2000e–5(f)(1) by reason of the discriminatory employment practices of its board.

Appellant Foust owns one share of Safeway Stores, Inc. ("Safeway") stock. Based on this stake in Safeway's employment practices, she filed employment discrimination charges with the Equal Employment Opportunity Commission ("EEOC") against Safeway and its directors claiming that Safeway's directors discriminated against women and against ethnic and racial minorities in violation of Title VII, 42 U.S.C. § 2000e–2. In May 1974, EEOC granted her a right-to-sue letter. After she made the formal demands on the corporation required by Rule 23.1, Federal Rules of Civil Procedure, she filed this shareholders' derivative action, on her own behalf and that of all other Safeway shareholders, seeking declaratory and injunctive relief under Title VII against Safeway's directors for their alleged discriminatory employment practices. She averred that Safeway was injured because the directors' violation of Title VII constituted a waste of corporate assets and a loss of profits. Upon Safeway's motion, the district court dismissed the suit holding that Safeway was not a "person aggrieved" under Title VII, 42 U.S.C. § 2000e–5(f)(1).

Foust's argument that the issue is whether a corporation can be a "person aggrieved" under Title VII misses the point. The question is whether an employer—either a natural person or a corporation—may be "aggrieved" within the meaning of Title VII. To interpret Section 2000e–5(f)(1) to authorize a natural person who is an employer to maintain a Title VII suit against himself for his discriminatory practices would be patently absurd. It is no more tenable to permit a corporate employer to maintain a Title VII suit against itself. The separate status of the corporate entity is swaddled in fictions; and the shareholders' derivative suit is the ultimate expression of the separate status of shareholder, corporation and corporate director. But the existence of these fictions does not enable a shareholder to bring a derivative Title VII action on behalf of a corporation which discriminates in its employment decisions. While it is true that the directors of a corporation determine the corporation's hiring practices, it is the corporation, as employer, which discriminates when these policies constitute unlawful discrimination under Title VII. (*Cf. Alexander v. Gardner-*

*Denver Co.* (1974) 415 U.S. 36, 54, 94 S.Ct. 1011, 39 L.Ed.2d 147 (" . . . An employer cannot be the victim of discriminatory employment practices."); *Oubichon v. North American Rockwell Corp.* (9th Cir. 1973) 482 F.2d 569, 573.) Because Safeway cannot bring a Title VII action to correct its own discriminatory practices, it follows that Foust cannot do so when she sues in her derivative capacity.[1]

AFFIRMED.

1. We have no occasion to and we do not express any opinion on the question whether a shareholders' derivative suit under state law will lie to compel directors to comply with Title VII. (*See* Fletcher, Cyclopedia of the Law of Private Corporations §§ 4860, 5915.1, 5951 (1970).) Nor do we have occasion to decide whether an owner of one share of stock is an appropriate representative of a class of shareholders in a derivative action.